UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTINA LOMBARDO,

    Plaintiff,

v.                                  Case No.:  5:23-cv-686-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Christina Lombardo seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.   Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and supplemental security income on October 29, 2014, alleging disability beginning on August 1, 2014. (Tr. 73, 74, 190-97). The applications were denied initially and on reconsideration. (Tr. 73, 74, 97, 98). Plaintiff requested a hearing, and on April 5, 2017, a hearing was held before Administrative Law Judge Douglas A. Walker. (Tr. 31-56). On July 7, 2017, ALJ Walker entered a decision finding Plaintiff not under a disability from August 1, 2014, through the date of the decision, (Tr. 13-26). On April 5, 2018, the Appeals Council denied Plaintiff's request for review. Plaintiff appealed the decision and the District Court entered an Order reversing the decision and remanding the action to the Commissioner for further proceedings. (Tr. 507-13). The Appeals Council vacated the decision and remanded the action to an Administrative Law Judge for further proceedings. (Tr. 518-20).

On May 13, 2020, a second hearing was held before ALJ Walker. (Tr. 1009-45). On May 20, 2020, ALJ Walker entered a decision finding Plaintiff not under a disability from August 1, 2014, to January 16, 2019, but "was found to be disabled on January 17, 2019 by another component of the Social Security Administration and this decision does not disturb that finding." (Tr. 989-1002). On December 16, 2020, the Appeals Council found no reason to assume jurisdiction. (Tr. 979-84). Plaintiff appealed the decision and on March 10, 2022, the District Court reversed

the decision and remanded the action to the Commissioner for further proceedings. (Tr. 977).

On remand, two hearings were held before Administrative Law Judge Julio Ocampo ("ALJ") on January 11, 2023 and August 15, 2023. (Tr. 934-76). On September 14, 2023, the ALJ entered a decision finding Plaintiff not under a disability from August 1, 2014, through January 16, 2019. (Tr. 909-925). Plaintiff began this action by Complaint (Doc. 1) filed on November 28, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. (Tr. 912). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2014, the alleged onset date. (Tr. 912). At step two, the ALJ found that Plaintiff had the following severe impairments: "bilateral hand disorder; lumbar spine disorder; and cervical spine disorder." (Tr. 912). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 916).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that from August 1, 2014 through January 16, 2019 the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b). Specifically, the claimant can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently; sit up to 6 hours in an 8-hour workday; stand and/or walk up to 6 hours in an 8-hour workday; frequently operate foot controls with the bilateral lower extremities; frequently reach in all directions bilaterally; frequently handle bilaterally; occasionally finger bilaterally; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, or crawl. The claimant can never work at unprotected heights or around moving mechanical parts and can occasionally operate a motor vehicle. The claimant can have occasional exposure to humidity, wetness, extreme cold, vibration, and dust, odors, fumes and pulmonary irritants. The claimant can have frequent exposure to extreme heat and occasional exposure to "loud" noise as defined in the Selected Characteristics of Occupations (e.g., heavy traffic, large earth moving equipment, can manufacturing department).

(Tr. 916-17).

At step four, the ALJ determined that Plaintiff was unable to perform past relevant work as an office manager. (Tr. 923). At step five, the ALJ found that considering Plaintiff's age (50 years old on the alleged onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed from August 1, 2014 through January 16, 2019. (Tr. 923). Specifically, the

vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

(1) Cleaner, housekeeper, DOT[1] 323.687-014, light, SVP 2

(2) School bus monitor, DOT 372.667-042, light, SVP 2

(3) Club waitress, DOT 352.677-018, light, SVP 2

(Tr. 924). The ALJ concluded that Plaintiff had not been under a disability from August 1, 2014 through January 16, 2019. (Tr. 924).

## II. Analysis

On appeal, Plaintiff raises four issues:[2]

(1) At step five, the ALJ failed to include all the limitations for the RFC assessment in the hypothetical to the vocational expert;

(2) At step five, the ALJ failed to resolve apparent conflicts between the vocational expert's testimony and the information in the DOT;

(3) At step five, the ALJ erred by adopting a part-time job; and

(4) At step five, the ALJ erred by failing to make a factual finding on whether the one and only nonconflicting job identified by the vocational expert existed in significant numbers in the national economy.

(Doc. 16, p. 4).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

[2] Although Plaintiff only lists two issues, Plaintiff asserted four distinct issues. For clarity, the Court separated the arguments.

### A. Hypothetical to the Vocational Expert

Plaintiff argues that the ALJ failed to include all the limitations from the RFC assessment in the hypotheticals to the vocational expert. (Doc. 16, p. 7). Specifically, Plaintiff argues that the RFC assessment contained a limitation to lifting, carrying, pushing, and/or pulling 20 pounds occasionally and 10 pounds frequently, but the hypotheticals to the vocational expert did not contain this limitation. (Doc. 16, p. 7). Plaintiff then argues that because the hypotheticals posed to the vocational expert did not contain all the limitations from the RFC assessment, the ALJ erred in relying on the vocational expert's testimony that Plaintiff could have performed the jobs of Cleaner/Housekeeper, School Bus Monitor, and Club Waitress. (Doc. 16, p. 7-11).

At step five of the sequential evaluation, if the ALJ finds a plaintiff unable to perform her past relevant work, the ALJ must determine whether jobs exist in significant numbers in the national economy that an individual with the plaintiff's limitations can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial

evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ need not include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

In this case, Plaintiff is correct. The RFC assessment included a limitation to lifting, carrying, pushing, and/or pulling 20 pounds occasionally and 10 pounds frequently. (Tr. 916). The ALJ posed the following hypothetical to the vocational expert that does not include this limitation:

> So I'd like you to assume a hypothetical individual. For the purposes of this hypothetical, the individual would be 50 years of age, would have a high school education. Assume this individual would be limited to light exertion work as defined in the regulation.
>
> The individual would only be able to use – to operate foot controls bilaterally on a frequent basis. The individual would only be able to frequently reach in all directions bilaterally. Also the individual would be limited to only frequent handling bilaterally and would be limited to occasional fingering bilaterally.
>
> This individual would also be limited to only occasionally climbing ramps and stairs, and would never be able to climb ladders, ropes, and scaffolds.
>
> Would be limited to only occasionally balancing but frequently stooping. Also limited to only occasionally kneeling and crouching and also only occasionally crawling.
>
> This individual also would be precluded from working at unprotected heights or around moving mechanical parts. Would be able to only occasionally operate a motor vehicle.

> Would be limited to only occasional exposure to humidity and wetness. Would be limited to only occasional exposure to dust, odors, fumes, or other pulmonary irritants. Also, only occasional exposure to extreme cold.
>
> May also be frequently exposed to extreme heat. Would be able to only occasionally be exposed to vibration and could work in a loud noise environment or lesser.

(Tr. 947-48).

Even though the ALJ may have erred in failing to include a limitation in lifting, carrying, pushing, and pulling, the Court must also consider whether this error was harmless. It is. Courts have applied the harmless error rule to social security cases and "will not remand for further findings where doing so would be a "'wasteful corrective exercise.'" *Pons v. Comm'r of Soc. Sec.*, No. 21-13028, 2022 WL 1214133, at *2 (11th Cir. Apr. 25, 2022) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); (quoting *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. Unit A July 1981)).

In the hypothetical to the vocational expert, the ALJ clearly stated that the vocational expert was to assume the individual "would be limited to light exertion work as defined in the regulation." (Tr. 947). Under the regulations, "light work" is defined as: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). In addition, all three of the proposed jobs fall under light work and contain this language:

> Light Work - Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects.

*See* Waiter/Waitress, Club, DOT 352.677-018, 1991 WL 672917; School Bus Monitor, DOT 372.667-042, 1991 WL 673102; Cleaner, Housekeeper, DOT 323.687-014, 1991 WL 672783. While the language varies a bit from the ALJ's RFC limitation, the substance of the limitations are nearly identical, with limitations for exerting force such as lifting, carrying, pushing, and pulling 20 pounds occasionally, and 10 pounds frequently. Plus, for the jobs of Club Waitress and School Bus Monitor,[3] Plaintiff made no argument that an essential function of these jobs included more than a limitation to lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently. Therefore, even if the ALJ erred in failing to include this limitation from the RFC in the hypothetical posed to the vocational expert, any error was harmless because it did not affect the outcome of the case. Substantial evidence supports the ALJ's decision to rely on the vocational expert's testimony.

---

[3] Whether the Cleaner/Housekeeper position has an essential function that exceeds the limitation to occasional pushing and pulling of 20 pounds is addressed in the next section.

B.      **Apparent Conflict**

Plaintiff contends that the Cleaner/Housekeeper job contains an apparent conflict with Plaintiff's limitations to occasional pushing and pulling of 20 pounds and frequent pushing and pulling of 10 pounds. (Doc. 16, p. 12). Plaintiff claims that the requirements of this job exceed the RFC limitations and the ALJ did not resolve this apparent conflict.

For any conflict at step five between limitations in an RFC and job requirements as listed in the DOT, "the ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018) (quoting SSR 00-4p, 2000 WL 1898704)). An ALJ must ask the vocational expert to identify and explain any conflict between his or her testimony and the DOT. *Id.* at 1363. Moreover, "the ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." *Id.* at 1363.

As stated above, the DOT provides the strength limitations for the Cleaner/Housekeeper job of exerting up to 20 pounds of force occasionally, and 10 pounds of force frequently. Cleaner, Housekeeper, DOT 323.687-014, 1991 WL 672783. The DOT also includes additional requirements:

> Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a

> negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*Id.*

The additional requirement as issue is the requirement of constant pushing and/or pulling of materials of negligible weight. Plaintiff relies on *Kawther Y. v. Kijakazi*, No. 21-cv-01191-BGS, 2023 WL 2766666, at *1 (S.D. Cal. Mar. 30, 2023), a District Court case from the Southern District of California in support of her argument that this job exceeds the RFC assessment. This case is distinguishable.

In *Kawther*, Plaintiff appealed an unfavorable decision from the Social Security Administration. *Id.* The court vacated the ALJ's decision and remanded the action to the Commissioner for further proceedings. *Id.* at *7. At step five and relying on the testimony of a vocational expert, the administrative law judge identified the job of Cleaner/Housekeeper, DOT 323.687-014, as a job that a person with Plaintiff's limitations could perform. *Id.* at *2. The plaintiff raised the issue of whether the administrative law judgment properly considered the testimony of the vocational expert. *Id.* at *1. Importantly, in the RFC assessment, the plaintiff was not only limited to light work and lifting 20 pounds occasionally and ten pounds frequently, but also to "'occasionally push and/or pull with the bilateral upper

extremities.'" *Id.* at *4. As the court found, the Cleaner/Housekeeper job included the requirement that the job "entails the constant pushing and/or pulling of materials even though the weight of those materials is negligible." Cleaner, Housekeeper, DOT 323.687-014, 1991 WL 672783; *see also Kawther*, 2023 WL 2766666, at *4-5. Because the RFC limited the plaintiff to occasional pushing and pulling and light work requires constant pushing and/or pulling of materials even though of negligible weight, the court found an apparent conflict between the two. *Kawther*, 2023 WL 2766666, at *5. The ALJ did not resolve this apparent conflict and the court remanded the action.

Here, the only limitations in the RFC were for lifting, carrying, pushing and/or pulling 20 pounds occasionally and 10 pounds frequently. (Tr. 916). The ALJ did not include a limitation to occasionally pushing and/or pulling with the bilateral upper extremities like in *Kawther*, 2023 WL 2766666, at *5. Thus, *Kawther* is distinguishable and not persuasive.

Moreover, Plaintiff has not shown that there is an apparent conflict between the ALJ's RFC assessment, vocational expert testimony, and the DOT definition of Cleaner/Housekeeper. Substantial evidence supports the ALJ's RFC assessment and the ALJ's reliance of the vocational expert's testimony at step five of the sequential evaluation. As a result, remand is unwarranted.

### C. Part-Time Job at Step Five

Plaintiff contends that in response to the ALJ's hypothetical, the vocational expert testified that a person with those limitations could perform the job of School Bus Monitor. (Doc. 16, p. 14). Plaintiff argues that the job of School Bus Monitor is only available as a part-time position and as such the ALJ erred in relying on the vocational expert's testimony about this position.

As stated above, at step five, if the ALJ finds a plaintiff unable to perform her past relevant work, the ALJ must determine whether jobs exist in significant numbers in the national economy that an individual with the plaintiff's limitations can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id*.

At the hearing, Plaintiff had no objections to the qualifications of the vocational expert. (Tr. 947). In response to the hypothetical, the vocational expert testified that an individual with those limitations could perform the job of School Bus Monitor. (Tr. 950). Neither the vocational expert nor the ALJ indicated that a School Bus Monitor position was a part-time job, nor did Plaintiff ask whether it was. (Tr. 950, 952-53).

In support of her position, Plaintiff cites *Huizar v. Astrue*, 642 F. Supp. 2d 614, 623 (W.D. Tex. 2009), a case from the Western District of Texas that found no

evidence in the record that suggested the school-bus monitor position was a full-time position. The court simply concluded that because no evidence was presented suggesting that school bus monitor typically worked full time, substantial evidence did not support the administrative law judge's decision. *Id.* The court included no citation to evidence or legal authority to support this conclusion. This case is not persuasive.

Here, Plaintiff simply posits that the job of School Bus Monitor is a part-time position. This claim depends on the statement of counsel that is unaccompanied by any evidence in the record. *Williams v. Comm'r of Soc. Sec.*, No. 21-10920, 2022 WL 791711, at *6 (11th Cir. Mar. 16, 2022) (finding that statements by counsel in a brief are not evidence). The Court is unconvinced. Substantial evidence supports the ALJ's step five findings and the ALJ did not err in relying on the testimony of the vocational expert as to the proposed jobs.

### D. Significant Number of Jobs in the National Economy

Relying on prevailing on the above issues, Plaintiff argues that if one or both of the Cleaner/Housekeeping and the School Bus Monitor jobs are eliminated, the ALJ failed to find that there are a significant number of Club Waitress jobs existing in the national economy. (Doc. 16, p. 18-20). This argument is a nonstarter because Plaintiff did not prevail on the other issues.

## III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 23, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties